Wolker, Demandante y Apelante, v. Compañía Ferroviaria de Circunvalación de Puerto Rico, Demandada y Apelada.

No. 2832.—*Visto:* Mayo 24, 1923. *Resuelto:* Mayo 22, 1924.

Negligencia; Daños por—Parte no Responsable de los Daños—Prueba.—Habiéndose probado que la demandada no opera el ferrocarril que causó el daño por el cual reclama el demandante, no tiene éste causa de acción contra aquélla.

*M. Rodríguez Serra, J.* (San Juan, Segundo Distrito), en una acción de daños y perjuicios, declarando sin lugar la demanda con las costas. *Confirmada.*

*A. Marín Marién,* abogado del apelante; *M. Acosta Velarde,* abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Como los nombres de la Compañía de Ferrocarriles de Puerto Rico, Compañía Ferroviaria de Circunvalación de Puerto Rico y de American Railroad Company of Porto Rico han de ser usados frecuentemente en el curso de esta opinión, los abreviaremos en esta forma: llamaremos a la primera, Compañía de Ferrocarriles; a la segunda, Compañía de Circunvalación y a la tercera, American Company.

El demandante reclama en este pleito indemnización por daños que un automóvil de su propiedad sufrió al tratar de evitar un choque con un tren de carga que cruzaba la carretera de la Carolina a Río Piedras en el sitio en que está la Central Progreso y dirigió su acción contra la Compañía de Circunvalación alegando que es una corporación de servicio público dedicada al transporte de pasajeros y carga por medio de ferrocarril y que en la fecha a que la demanda

se refiere (22 de septiembre de 1920) la demandada estaba explotando el servicio de carga o transporte de pasajeros entre San Juan y Carolina, usando máquinas y vagones de carga y conduciendo los mismos por la vía que cruza la carretera por aquel sitio, y explotaba la dicha línea bajo el nombre de American Company, aunque era su sucesora.

La demandada hizo una negación general de todos y cada uno de los hechos alegados en la demanda y celebrado el juicio recayó sentencia declarando sin lugar la demanda por lo que el demandante interpuso esta apelación.

Uno de los motivos que tuvo la corte inferior para su sentencia fué que la demandada, Compañía de Circunvalación, no es responsable del accidente por el que se reclama porque es meramente una tenedora de las acciones de la American Company, la que según la prueba era la que tenía autoridad sobre los empleados de los trenes.

De la prueba resulta que la Compañía de Ferrocarriles es dueña de la línea férrea cuya explotación tiene la American Company y que la Compañía de Circunvalación no tiene el manejo y explotación de ningún ferrocarril en esta isla, habiéndose limitado a comprar por medio de un sindicato acciones y bonos de la Compañía de Ferrocarriles y de la American Company, por lo que no puede ser responsable de los actos de los empleados de la American Company que es la que explota los ferrocarriles de la otra compañía dueña de ellos.

La única evidencia presentada por el demandante para sostener que su acción está bien dirigida contra la demandada es una carta que don Emilio Jiménez, como gerente de la demandada, envió el 24 de julio de 1920 a la Comisión de Servicio Público informándole que el 10 de abril del mismo año se hizo un contrato entre el representante de los accionistas de la Compañía de Ferrocarriles y los tenedores de acciones y de bonos de la American Company de una parte, y de la otra un sindicato compuesto de tres personas, por el cual se convino la venta al sindicato de las ac-

ciones de la Compañía de Ferrocarriles, respetando los compradores los bonos emitidos pendientes de dicha compañía; la venta al sindicato de las acciones de la American Company y de la única emisión de bonos que ha hecho y que dicho sindicato organizó con otras personas una compañía de servicio público con el nombre de "Compañía Ferroviaria de Circunvalación de Puerto Rico" con el propósito de obtener todas las acciones y bonos de la Compañía de Ferrocarriles y todas las acciones y bonos y activo de la American Company y de conseguir un traspaso a su favor de las franquicias y propiedades de la Compañía de Ferrocarriles. En ese documento se dice también que los derechos de ese contrato los ha cedido el sindicato a la Compañía de Circunvalación, la que se propone adquirir todas o la mayoría de las acciones y bonos de las dos compañías mencionadas, la cesión por la American Company del contrato de explotación que tiene con la otra compañía y las franquicias y títulos de dominio de la Compañía de Ferrocarriles. No se probó que la Comisión de Servicio Público aprobara esas operaciones.

Como se ve, ese documento no prueba que la demandada está explotando los ferrocarriles sino todo lo contrario, pues dice que es la American Company la que los explota, aunque la Compañía de Circunvalación se propone conseguir la cesión de esa explotación, y tampoco prueba que tenga todas las acciones de dicha corporación, aunque se propone adquirirlas todas o la mayoría de ellas. Además, el testigo don Emilio Jiménez, que es director de la American Company y gerente de la Compañía de Circunvalación, declaró terminantemente que la American Company es la que opera los trenes que circulan entre San Juan y Carolina y que la Compañía de Circunvalación no está circulando tren alguno con su nombre ni con el de la American Company. Tampoco esa prueba demuestra que la American Company haya traspasado su negocio a la demandada ni siquiera que haya

adquirido un número tal de sus acciones que la den el control de su negocio.

Por las razones expuestas la sentencia apelada debe ser *confirmada*.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.